Lynn Lincoln Sarko *(admitted pro hac vice)*
Derek W. Loeser *(admitted pro hac vice)*
**KELLER ROHRBACK, L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
206.623.1900 / 206.623.3384 (fax)

Jane B. Stranch *(admitted pro hac vice)*
**BRANSTETTER, KILGORE, STRANCH & JENNINGS**
227 Second Avenue, North, 4th Floor
Nashville, TN 37201-1631
615.254.8801 / 615.2555419 (fax)

*Co-Lead Counsel for ERISA Plaintiffs*

Ronald Lovitt or Thomas Hannan
**LOVITT & HANNAN, INC.**
900 Front Street, Suite 300
San Francisco, CA 94111
415.362.8769 / 415.362.7528 (fax)

Robert A. Goodin or Wayne T. Lamprey
**GOODIN, MACBRIDE, SQUERI, RITCHIE & DAY, LLP**
505 Sansome Street, 9th Floor
San Francisco, CA 94111
415.392.7900 / 415.3984321 (fax)

*Co-Liaison Counsel for ERISA Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re PROVIDIAN FINANCIAL CORP. ERISA LITIGATION | Master File No. C-01-5027 CRB |
| | <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS | **ORDER AND FINAL JUDGMENT** |

<u>**ORDER AND FINAL JUDGMENT**</u>

This action came on for a final hearing on a proposed settlement (the "Settlement") of this conditionally certified class action (the "Action") and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation and Agreement of Settlement dated March 4, 2003 (the "Agreement").

2. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Plaintiff Class.

3. The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Agreement as its judgment, and orders that the Agreement shall be herewith effective, binding, and enforced according to its terms and conditions.

4. The Court determines that the Plaintiffs are asserting, among others, claims on behalf of the Plan to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). Because the Plan cannot assert such claims in its own right, the Plaintiffs are the holders of the Plan's claims against the Defendants under ERISA § 502(a)(2). *See Bowles v. Reade*, 198 F.3d 752 (9th Cir. 1999).

5. The Court determines that the Settlement which includes the payment of $8.6 million by the Defendants has been negotiated vigorously and at arm's length by the Plaintiffs and their counsel on behalf of the Plan and the Plaintiff Class and further finds that, at all times, the Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Plaintiff Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

6. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than the Plaintiffs and the Plaintiff Class and that the Plan does not have any additional claims above and beyond those asserted by the Plaintiffs that are released as a result of the Settlement.

7. The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan and its participants.

8. Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiffs on behalf of the Plan and the Plaintiff Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b).

9. The Court determines that the Notice transmitted to the Plaintiff Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Plaintiff Class who could be identified through reasonable efforts. Such Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

10. The Court hereby approves the maintenance of the Action as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) with the class being defined as follows:

> All Persons who were participants or beneficiaries under the Plan between September 30, 2000, and January 1, 2002, who had stock allocated to their account under the Plan at any time during that period, other than persons individually named as Defendants in the Complaint and their immediate family members.

11. The Court hereby dismisses the Complaint and the Action against the Defendants with prejudice on the merits.

12. As of the date of Final Approval of Settlement (as defined in the Agreement), the Plaintiffs, the Plan, and each member of the Class on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, shall have released each and all of the Released Persons from the Released Claims and the Defendants shall have released the Plaintiffs and each member of the Class from all claims associated with the Action.

13. All members of the Plaintiff Class and the Plan (through any party authorized to sue under 29 U.S.C. § 1132(a)(2)) are hereby barred and enjoined from the institution and

prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Released Persons.

14. Defendants are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against Plaintiffs, members of the Plaintiff Class, the Plan, or Class Counsel; and all parties are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any actions against Defendants, any member of the Settlement Class, the Plan, or Class Counsel based on the amount of any Settlement Claim issued pursuant to the Plan of Allocation approved in the Final Approval of the Settlement.

15. The litigation and notice expenses incurred by Plaintiffs' Counsel in the course of prosecuting this Action are reasonable. Accordingly, Plaintiffs' Counsel are awarded expenses in the amount of $98,147.44, to be paid from the Settlement Fund together with interest earned thereon from the date of this Order at the same rate as that earned on the Settlement Fund until paid.

16. The attorneys' fees sought by Plaintiffs' Counsel in the amount of 25 percent of the common fund established in this Action are reasonable in light of the successful results achieved by Plaintiffs' Counsel, the substantial monetary and non-monetary benefits obtained in this Action, the substantial risks associated with the Action, Plaintiffs' Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Plaintiffs' Counsel are awarded attorneys' fees in the amount of twenty-five percent (25%) of the common fund established in this Action net of the expenses awarded in paragraph 15, above, together with interest earned thereon from the Preliminary Approval of the Settlement (April 18, 2003) until paid at the same rate as that earned on the Settlement Fund.

17. Accordingly, Plaintiffs are awarded attorneys' fees in the amount of $2,125,463.14 plus interest at the same rate as that earned on the Settlement Fund from April 18, 2003, until paid.

18. In order to compensate Class Representatives for their time and efforts with respect to this Action, the Class Representatives (as identified in the Settlement Agreement, ¶ 3.15) hereby are awarded Case Contribution Compensation in the amount of $2,000 each, to be paid from the Settlement Fund.

19. Pursuant to the Settlement Agreement at ¶ 5.2, the Attorneys' Fees, expenses, and Case Contributions Compensation amounts shall be paid to Plaintiffs' Counsel within ten days of Final Approval of the Settlement.

20. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

SO ORDERED this __30__ day of __June__, 2003.

HON. CHARLES R. BREYER
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Submitted June 30, 2003, by:

Lynn Lincoln Sarko *(admitted pro hac vice)*
Derek W. Loeser *(admitted pro hac vice)*
**KELLER ROHRBACK, L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
206.623.1900 / 206.623.3384 (fax)

Jane B. Stranch *(admitted pro hac vice)*
**BRANSTETTER, KILGORE, STRANCH & JENNINGS**
227 Second Avenue, North, 4th Floor
Nashville, TN 37201-1631
615.254.8801 / 615.2555419 (fax)

***Co-Lead Counsel for ERISA Plaintiffs***

Ronald Lovitt or Thomas Hannan
**LOVITT & HANNAN, INC.**
900 Front Street, Suite 300
San Francisco, CA 94111
415.362.8769 / 415.362.7528 (fax)

Robert A. Goodin or Wayne T. Lamprey
**GOODIN, MACBRIDE, SQUERI, RITCHIE & DAY, LLP**
505 Sansome Street, 9th Floor
San Francisco, CA 94111
415.392.7900 / 415.3984321 (fax)

*Co-Liaison Counsel for ERISA Plaintiffs*